UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>M. GARNER and F. GARNER; et al.,<br><br>    Defendants.<br>_____/ | No. C 11-155 SI (pr)<br><br>**ORDER OF DISMISSAL** |

On January 11, 2011, this action was opened when the court received from plaintiff a document with a case caption not matching any of his other cases that was labeled "Before 2005 # Untitled" on the first page and had attached a trust withdrawal form, a copy of a CDC-115 rule violation report, a "personal package program" list from the prison, and a life prisoner documentation hearing notice. That day, the court sent written notices to plaintiff that he needed to file a civil rights complaint form and an in forma pauperis application, or the action would be dismissed. He then sent the civil rights complaint form back to the court, leaving it blank except that he filled in the case caption and his address on the first page, dated and signed the last page, and attached to it a copy of his inmate trust account statement. (Docket # 4.) He also sent in an in forma pauperis application that was left blank, except for his name and case caption on the first page and signature on the last page. (Docket # 5.) He also sent in his inmate trust account statement and certification form. (Docket # 6.) He also sent in a motion for leave to file an amended complaint, in which he stated that he wanted to amend his complaint to substitute M. Garner and F. Garner for the Jon Doe defendants, but provided no allegations against those defendants (and those defendants' names do not appear on the rule violation report

attached to the original complaint) and attached to his motion several blank forms for prison visitors.  (Docket #7.)

The motion to amend is GRANTED.  (Docket # 7.)  M. Garner and F. Garner have been substituted in as defendant in place of John Doe defendants.

The action is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile.  Harrison already notified by the clerk that he needed to submit a complaint, and chose to respond by filing a complaint that was mostly blank and did not state any claim for relief, and followed that with a motion to amend where he merely identified names for Doe defendants but provided no allegations against those persons.

To the extent Harrison wants to challenge the CDC-115 rule violation report attached to his first filing, he must file a petition for writ of habeas corpus to do so.  This is because the discipline imposed included a 90-day credit forfeiture and a favorable decision would affect the duration of his confinement.  A petition for writ of habeas corpus is the exclusive method by which he may challenge the execution of his sentence in this court.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).   Before he may file a federal petition for writ of habeas corpus, Harrison must exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  He might, for example, file a habeas petition in the California Supreme Court to exhaust state judicial remedies.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: June 6, 2011

SUSAN ILLSTON
United States District Judge